IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Meritha Bell and Yolanda Young, | C/A No.: 3:19-cv-01160-MGL-PJG |
| Plaintiffs, | |
| v. | **ANSWER ON BEHALF OF DEFENDANTS SHERIFF LOTT AND LAURITA** |
| Alton Romey, Lutheran Homes of South Carolina, Inc. a/k/a the Heritage at Lowman, Leon Lott in his capacity as Sheriff of the Richland County Sheriff's Department and Michael Laurita in his individual capacity, | **(Jury Trial Requested)** |
| Defendants. | |

The Defendants Leon Lott in his capacity as Sheriff of the Richland County Sheriff's Department (hereinafter, "RCSD") and Michael Laurita in his individual capacity, hereby answer the Plaintiff's Complaint as follows:

## FOR A FIRST DEFENSE

1. The Summons and Complaint fails to state a claim upon which relief can be granted and therefore, this action should be dismissed against these Defendants pursuant to Fed.R.Civ.P. 12(b)(6).

## FOR A SECOND DEFENSE

2. These Defendants deny each and every allegation of the Complaint not hereinafter specifically admitted, qualified, or explained.

3. That as to Paragraph One (1), these Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, deny same and demand strict proof thereof.

4. Paragraphs Two (2), Three (3), and Four (4) contain allegations against other Defendants, and therefore, requires no response by these Defendants. To the extent that

1

these paragraphs contain factual allegations against these Defendants, these Defendants deny same and demand strict proof thereof.

5. That as to Paragraphs Five (5), and Six (6), these Defendants only admits that at all relevant times in the Complaint, Sheriff Lott was a constitutional officer and thereby a state agency pursuant to the South Carolina Constitution and the Laws of the State of South Carolina. Moreover, these Defendants assert that his office constitutes a governmental entity as set forth pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.* and is under the jurisdiction of said Act. Further responding, these Defendants admit that the Defendant Laurita was acting under color of state law and acting in the performance of his official duties at all times herein. Except as stated herein, these Defendants expressly deny these paragraphs and demand strict proof thereof.

6. That as to Paragraphs Seven (7), Eight (8), Nine (9), and Eleven (11), these Defendants deny same and demand strict proof thereof.

7. The first and third sentences of Paragraph Ten (10) are jurisdictional in nature, can neither be admitted nor denied, and these Defendants crave reference thereto. That as to the second sentence of Paragraph Ten (10), these Defendants admit same upon information and belief. These Defendants deny that any of the Plaintiffs' causes of action are meritorious.

8. That as to Paragraph Twelve (12), these Defendants recognize that the Plaintiffs have brought causes of action against various named party-Defendants herein.

9. That as to Paragraphs Thirteen (13), Thirty (30), Thirty-six (36), Forty-three (43), Forty-six (46), Fifty-two (52), Fifty-seven (57), Sixty-four (64), and Seventy (70), these Defendants reassert and reallege all previous allegations and defenses.

10. Paragraphs Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17), and Eighteen (18) contain allegations against other Defendants, and therefore, requires no response by these Defendants. To the extent that these paragraphs contain factual

allegations against these Defendants, these Defendants deny same and demand strict proof thereof.

11. That as to Paragraph Nineteen (19), these Defendants only admit upon information and belief that on or about August 3, 2016, a RCSD deputy was dispatched to 201 Fortress Lane in Richland County, in reference to an alleged assault which occurred in the preceding hours. Further responding, an incident report was generated which referenced Patricia Beamer as the Complainant and Elizabeth Weeks as the purported victim. Except as stated herein, these Defendants deny this paragraph as stated and demand strict proof thereof.

12. That as to Paragraphs Twenty (20) and Twenty-one (21), the Defendant Laurita, a RCSD criminal investigator, was assigned to the case and thereafter conducted a competent and thorough investigation with respect to the allegations and all parties in this action.

13. That as to Paragraph Twenty-two (22) and upon information and belief, on August 8, 2016, and August 12, 2016, respectively, the Plaintiffs Bell and Young provided written statements to the Defendant Laurita. Further answering, on September 7, 2016, Richland County Magistrate Judge Barbara Jo Wofford-Kanwat issued Arrest Warrant No. 2016A4010600523 and Arrest Warrant No. 2016A4010600524 against the Plaintiffs Bell and Young, respectively, each for the charge of Abuse of a Vulnerable Adult. Except as stated herein, these Defendants deny same and demand strict proof thereof.

14. That as to Paragraphs Twenty-three (23) and Sixty (60), these Defendants generally admit same. These Defendants further admit that the arrests of the Plaintiffs were effectuated pursuant to lawful authority and probable cause existed at all relevant times.

15. That as to Paragraph Twenty-four (24), these Defendants only admit upon information and belief that the Plaintiff Young was acquitted by the jury at her criminal trial and the charge against the Plaintiff Bell was subsequently *nolle prossed* by the Fifth Circuit

Solicitor's Office. Except as stated herein, these Defendants deny same and demand strict proof thereof.

16. That as to Paragraphs Twenty-five (25) and Twenty-six (26), these Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, deny same and demand strict proof thereof. Further responding, these Defendants crave reference to the official General Sessions Court records for the most accurate evidence of what is contained therein.

17. That as to Paragraphs Twenty-seven (27), Twenty-eight (28), and Twenty-nine (29), these Defendants deny same as stated.

18. That as to Paragraphs Thirty-two (32), Thirty-three (33), Thirty-four (34), Thirty-five (35), Thirty-nine (39), Forty (40), Forty-one (41), Forty-two (42), Forty-four (44), Forty-five (45), Forty-seven (47), Forty-eight (48), Forty-nine (49), Fifty (50), Fifty-one (51), Fifty-three (53), Fifty-four (54), Fifty-five (55), Fifty-six (55), Sixty-one (61), Sixty-two (62), Sixty-three (63), and Seventy-one (71), these Defendants deny same and demand strict proof thereof.

19. That as to Paragraphs Thirty-one (31), Thirty-seven (37), and Thirty-eight (38), the Plaintiffs have set forth legal conclusions upon information and belief which can neither be admitted nor denied and, therefore, these Defendants crave reference thereto. To the extent that these paragraphs contain factual allegations against these Defendants, these Defendants deny same and demand strict proof thereof.

20. That as to Paragraphs Fifty-eight (58) and Fifty-nine (59), these Defendants deny same as stated and demand strict proof thereof.

21. Paragraphs Sixty-five (65), Sixty-six (66), Sixty-seven (67), Sixty-eight (68), and Sixty-nine (69) contain allegations against other Defendants, and therefore, requires no response by these Defendants. To the extent that these paragraphs contain factual

4

allegations against these Defendants, these Defendants deny same and demand strict proof thereof.

22. Any and all averments inconsistent with the foregoing are denied. Further, these Defendants assert that the Plaintiffs are not entitled to the relief requested in the Complaint, or any other relief against these Defendants.

## FOR A THIRD DEFENSE

23. These Defendants allege that they are immune from suit and liability under the doctrine of sovereign immunity.

## FOR A FOURTH DEFENSE

24. These Defendants are entitled to immunity under *Long v. Seabrook* and its progeny.

## FOR A FIFTH DEFENSE

25. These Defendants allege that at all times herein that they were acting within the course and scope of their employment in a discretionary manner, in good faith, without bad faith or malicious motives in the performance of their official duties, and therefore, these Defendants are immune from suit.

## FOR A SIXTH DEFENSE

26. There is no joint and several liability against these Defendants, pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10, *et. seq.* (1976) as amended and, therefore, all references to joint and several liability should be stricken from the Plaintiffs' Complaint.

## FOR A SEVENTH DEFENSE

27. That as to the Plaintiffs' cause of action for outrage or the intentional infliction of emotional distress, these Defendants allege that such claim is barred by the South Carolina Tort Claims Act, §15-78-30(f) of the South Carolina Code of Laws as amended.

### FOR AN EIGHTH DEFENSE

28. Upon information and belief, some or all of the Plaintiffs' claims are not ripe for adjudication.

### FOR A NINTH DEFENSE

29. Some of the Plaintiffs' claims are brought pursuant to state statutes that do not create a private right of action.

### FOR A TENTH DEFENSE

30. These Defendants, upon information and belief, allege that any injuries or damages allegedly suffered by the Plaintiffs, without admitting same to be true, were due to and caused entirely by the negligence of the Plaintiffs which is more than these Defendants' negligence, and that such is a complete bar to the Plaintiffs' recovery herein.  Further, these Defendants, upon information and belief, allege that if the Plaintiffs' negligence was less than these Defendants' negligence, that such negligence should be compared to that negligence of these Defendants, so as to apportion the relative fault as to each party.

### FOR AN ELEVENTH DEFENSE

31. These Defendants allege, upon information and belief, that any injuries or damages allegedly suffered by the Plaintiffs, without admitting same to be true, were due to and caused by the sole negligence, recklessness, willfulness, wantonness, carelessness, and gross negligence of the Plaintiffs and were not caused by these Defendants, which sole negligence of the Plaintiffs is a complete bar to the Plaintiffs' attempt to recover herein.

### FOR A TWELFTH DEFENSE

32. These Defendants allege, upon information and belief, that any alleged defamatory statements were made in accordance with an absolute privilege and, therefore, such claims of the Plaintiffs are barred by such privilege.

**FOR A THIRTEENTH DEFENSE**

33. These Defendants allege, upon information and belief, that any alleged defamatory statements were made in accordance with qualified privilege and, therefore, such claims of the Plaintiffs are barred by such privilege.

**FOR A FOURTEENTH DEFENSE**

34. As to the defamation cause of action, these Defendants assert truth as a defense, in that the statements and information available to them at the time of the relevant events were true to the best of these Defendants' knowledge, and there has been no conclusive showing that the statements at issue were false, nor that these Defendants knew or should have known they were false.

**FOR A FIFTEENTH DEFENSE**

35. These Defendants are immune from suit pursuant to pertinent portions of the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-10, *et seq.*, and specifically, § 15-78-60 (1), (2), (3), (4), (5), (6), (9), (20), and (23).

**FOR A SIXTEENTH DEFENSE**

36. The Defendant Laurita at no time violated any clearly established constitutional rights which were known or should have been known to him, and therefore, is entitled to immunity.

**FOR A SEVENTEENTH DEFENSE**

37. The actions of the Defendant Laurita were objectively reasonable in light of the existing law, and therefore, he is entitled to immunity.

**FOR AN EIGHTEENTH DEFENSE**

38. These Defendants assert that the Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, having fully answered the Complaint of the Plaintiff, these Defendants pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

CROWE LAFAVE, LLC

BY: *s/ Robert D. Garfield*
ROBERT D. GARFIELD
Federal I.D. No. 7799
Post Office Box 1149
Columbia, South Carolina 29202
T: (803) 999-1225
F: (803) 848-8157
robert@crowelafave.com

*Counsel for the Defendants*
*Sheriff Lott and Laurita*

Columbia, South Carolina

April 22, 2019